## W. H. H. FREEMAN v. E. M. McATEE.
### No. 111.

APPEAL BOND — *Liability of Sureties.* In an action before a justice of the peace, a judgment was rendered against the defendant C., a minor, for whom S. appeared as guardian *ad litem.* In an appeal to the district court by the defendant, the appeal bond recited that S., guardian *ad litem* for C., "intends to appeal from a judgment rendered against them in favor of the plaintiff," and was conditioned that the defendant would prosecute his appeal to effect and without unnecessary delay, and satisfy such judgment and costs as might be rendered against him. *Held*, that the bond is not so defective as to be void, and the sureties thereon are liable for the payment of the judgment rendered on the appeal against the defendant.

MEMORANDUM.—Error from Marshall district court; R. B. SPILMAN, judge. Action by E. M. McAtee against W. H. H. Freeman and Fred. Lynd on an appeal bond. Judgment for plaintiff. Defendant Freeman brings the case to this court. Affirmed. The opinion herein, filed September 12, 1896, states the material facts.

*W. H. H. Freeman,* plaintiff in error, for himself.

*J. A. Broughten,* for defendant in error.

The opinion of the court was delivered by

CLARK, J. : The petition herein alleges in substance that in a certain action pending before H. W. Chapman, a justice of the peace of Blue Rapids township, in Marshall county, on the 14th day of May, 1887, the plaintiff, E. M. McAtee, recovered a personal judgment against one W. T. S. Critchfield for $66.65 damages, and $53.20 costs ; that Critchfield was a minor, and that one H. K. Sharp was duly appointed guardian *ad litem,* and represented the defendant in said court ; that said defendant and his guardian, desiring to appeal from said judgment to the district court of Marshall county, caused to be executed and filed in due time with the justice an undertaking which was signed by Fred. Lynd and W. H. H. Freeman, a copy of which is attached to the petition, and which, omitting the signatures thereto and indorsements thereon, and the title of the action in which the undertaking was given, is in the following words :

"Whereas, the defendant, H. K. Sharp, guardian *ad litem* for W. T. S. Critchfield, intends to appeal from a judgment rendered against them in favor of the plaintiff, E. M. McAtee, on the 14th of May, 1887, by the undersigned justice of the peace of Blue Rap-

ids City township, in said county : now, we, the undersigned residents of said county, bind ourselves to said plaintiff in the sum of $250 that said defendant shall prosecute his appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against him therein."

The petition further alleges that said undertaking was duly approved, and that thereafter said cause was duly tried in said district court upon appeal, and judgment was rendered in favor of McAtee and against Critchfield for $87.77 damages, and $98.20 costs ; that no part of said judgment had been paid ; that execution had been issued thereon and had been returned wholly unsatisfied, and concluded with prayer for judgment against the obligors on said bond for the amount of the judgment and costs rendered against Critchfield, and for costs of this action. Personal service was had on the defendants. Freeman interposed a demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant answered to the merits. The sufficiency of the allegations of the petition was again challenged by an objection to the introduction of any evidence thereunder. This objection was also overruled. Thereafter a trial was duly had, and a judgment was rendered in favor of the plaintiff for $161.36, the amount due on the Critchfield judgment, including the costs therein. Freeman brings the case here and seeks a review of the several rulings of the court, but owing to the condition of the record the only question before this court is whether or not the pleadings set forth a cause of action against Freeman.

The plaintiff in error contends that the bond shows upon its face that it was given to effect an appeal

from a judgment rendered against Sharp as guardian *ad litem* for Critchfield, and was an undertaking on the part of the sureties that Sharp, as such guardian, should prosecute such appeal to effect, and should satisfy any judgment which might be rendered against him, and that, as the petition does not disclose a judgment in the district court against the guardian *ad litem*, no cause of action against Sharp is shown. As before stated, the petition alleges that this bond was given in order to effect an appeal from a judgment against Critchfield in an action wherein Sharp was duly appointed guardian *ad litem*, and that in the district court, upon said appeal, the plaintiff recovered a judgment against Critchfield. The statute provides that the party appealing shall enter into an undertaking to the adverse party conditioned that the appellant will prosecute the appeal to effect and without unnecessary delay, and that, if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. The undertaking upon which this action is based was in strict compliance with the terms of the statute, except that it referred to the guardian *ad litem*, instead of the minor, as appellant. From the pleadings, it appears that this instrument was prepared by the plaintiff in error, as attorney for Critchfield, and that the object in view when it was executed — the perfecting of an appeal to the district court from a judgment in favor of McAtee and against Critchfield — was attained. While the judgment before the justice of the peace was rendered against the minor, and the undertaking should have shown the fact, yet we do not think that the misdescription of the appellant in the undertaking is for that reason void, as the district court had ample authority, under section 131 of the justices' code, to have ordered a

change or renewal of the undertaking and thus have remedied any formal defect therein. The rights of the plaintiff in error were not prejudiced in any manner by reason of its informality. No one was misled by its recitals.

We think the question at issue is somewhat analogous to the one involved in the case of *Wilson v. Me-ne-chas*, 40 Kan. 648. That was an action brought for the recovery of specific personal property. The real plaintiff and alleged owner of the property in controversy was one Shu-ka-see, a minor. The action was brought in the name of "Me-ne-chas, as next friend of Shu-ka-see," and the defendant filed a motion to dismiss, on the ground that the action was not brought in the name of the real party in interest, but the supreme court held that the alleged defect in the title of the action was simply an irregularity, without any possible prejudice to the defendant, and sustained the trial court in overruling the motion to dismiss. For similar reasons, we think the court properly held that the pleadings herein stated a cause of action against Freeman.

As the record affirmatively shows that some of the evidence which was introduced at the trial is not before this court, we are unable to say that the findings of fact are without support, or that the court erred in overruling the motion for a new trial.

The judgment will therefore be affirmed.

All the Judges concurring.